**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 25-12622 MER |
| Mersad Rahmanovic | Chapter 7 |
| Debtor. | |
| Keirton Inc. | Adversary No. 25-01338 MER |
| Plaintiff, | |
| v. | |
| Mersad Rahmanovic | |
| Defendant. | |

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

THIS MATTER comes before the Court on the Motion to Dismiss Defendant's Counterclaims ("**Motion**") filed by Keirton, Inc. ("**Keirton**") and Debtor/Defendant Mersad Rahmanovic's ("**Rahmanovic**") response thereto.[1]

**BACKGROUND**

Keirton commenced the instant adversary proceeding on November 14, 2025. In its complaint, Keirton asserts one claim for relief against Rahmanovic pursuant to 11 U.S.C. § 727(a)(4). In support of its claim, Keirton alleges that Rahmanovic stated under the penalty of perjury that he lives at the property known as 1607 South Oakland Street, Aurora, Colorado 80012 ("**Oakland Property**"). Rahmanovic claimed a homestead exemption in the Oakland Property. However, Keirton contends Rahmanovic's prior testimony, responses to post-judgment interrogatories in a state court case, emails, and a private investigation prove that he does not reside at the Oakland Property. As such, Keirton asserts Rahmanovic knowingly and fraudulently made false statements on his schedules and at the Meeting of Creditors.

Rahmanovic filed his answer to Keirton's complaint, as well as counterclaims for abuse of process and declaratory judgment, on December 10, 2025.[2] Keirton filed the instant Motion on December 31, 2025, asserting that both of Rahmanovic's

---

[1] ECF Nos. 11 & 15.

[2] ECF No. 7. Rahmanovic asserts the same counterclaims in his Motion to Dismiss.

counterclaims should be dismissed because they are not properly pled and because his counterclaim for declaratory judgment is duplicative of his defenses to Keirton's § 727(a)(4) claim.[3]  Keirton also asserts that several of Rahmanovic's case citations do not exist and are the result of A.I. hallucinations.  In response, Rahmanovic asserts that he sufficiently pled both claims and that even if his citations are incorrect or nonexistent, his counterclaims should not be dismissed or stricken.  Additionally, Rahmanovic asserts he should be permitted to amend his counterclaims.

## ANALYSIS

### A.    Dismissal Is Warranted Under Rule 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and views them in the light most favorable to the plaintiff.[4]  A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7]  A court is not required to accept mere conclusory allegations.[8]

#### 1.    Declaratory Judgment

Rahmanovic's first counterclaim is for declaratory judgment.  This counterclaim is supported by a single sentence, which states that, "[Rahmanovic] lived at [the Oakland Property] on the petition date; truthfully stated residency; exemption was in good faith."[9]  Keirton argues this claim should be dismissed because it serves no useful purpose in clarifying or settling the issues at hand.  Instead, the claim is duplicative of Rahmanovic's defenses to Keirton's § 727(a)(4) claim.  In particular, Keirton asserts that if its claim fails, it will do so because the Court will have found that Rahmanovic did live

---

[3] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[4] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Id.*

[7] *Id.* (Internal quotations omitted).

[8] *Mira Holdings, Inc. v. ZoomerMedia, Ltd.*, 676 F.Supp.3d 909, 913 (D. Colo. 2023).

[9] ECF No. 7 at 5.

at the Oakland Property on the petition date, truthfully stated his residency, and claimed a homestead exemption in the property in good faith.  Rahmanovic disagrees, asserting that the counterclaim is not duplicative and that claims for declaratory relief should not be dismissed at the pleading stage simply because the Court may resolve the issue later.

To prevail on a claim for declaratory judgment, the party seeking relief must show there is an actual controversy at issue.[10]  The question to be asked in each case is, "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[11]  "Courts in this circuit have dismissed declaratory judgment claims where a plaintiff seeks declaratory relief that would resolve the same issues raised by other claims brought in the same action."[12] A declaratory judgment claim serves no useful purpose where it raises issues that will be resolved in the context of other claims asserted in the same action.[13]  Rahmanovic, as the party seeking declaratory judgment, bears the burden of establishing an actual controversy.[14]

Here, there is a controversy between Keirton and Rahmanovic regarding whether he resided at the Oakland Property as of the petition date.  However, Rahmanovic has not alleged any facts to support his claim that he resided at the Oakland Property on the petition date and thus is entitled to the homestead exemption in the Property.  Further, the Court agrees that the issues raised in Rahmanovic's claim, as it is currently pled, are duplicative of the issues to be addressed by Keirton's § 727(a)(4) claim.  Indeed, when determining Keirton's claim, the Court will have to address whether Rahmanovic resided at the Oakland Property on the petition date and, therefore, made accurate statements on his schedules.  As such, Rahmanovic's declaratory judgment claim is duplicative of his defenses to Keirton's § 727(a)(4) claim and will therefore be dismissed.

### 2.      Abuse of Process

Rahmanovic's second counterclaim is for abuse of process.  This claim is also supported by a single conclusory sentence wherein Rahmanovic alleges that "Keirton misuses § 727 to punish [Rahmanovic] for litigating and to create leverage on unrelated judgments."[15]  Keirton asserts this claim should be dismissed because Rahmanovic

---

[10] *Mira Holdings, Inc.,* 676 F.Supp.3d at  917; *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008).

[11] *Mira Holdings, Inc.*, 676 F.Supp. at 917 (*citing MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

[12] *Id*; see *TBL Collectibles, Inc. v. Owners Insurance Co.*, 285 F.Supp.3d 1170, 1195-96 (D. Colo. 2018).

[13] *Mira Holdings, Inc.*, 676 F.Supp at 917.

[14] *Id.*

[15] ECF No. 7 at 5.

failed to allege all the elements required for an abuse of process claim.  Keirton also contends that even taking the facts Rahmanovic did allege are true and viewed in the light most favorable to him, there is an obvious alternative explanation as to why Keirton initiated this proceeding that disproves Rahmanovic's claim that it is only being used to punish him.  Rahmanovic disagrees.  Instead, Rahmanovic argues that he plausibly pled his abuse of process counterclaim because the only elements required to prove such a claim are: (1) an ulterior purpose and (2) willful use of process in a manner not proper in the regular course of proceedings.  Rahmanovic contends his counterclaim alleges both of these elements, and that Keirton's alternate explanation of why it initiated this proceeding is not a basis for dismissal, but an issue to be resolved at a later time.

A claim for abuse of process under Colorado law requires a showing of three elements: (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions in the use of the process which are not proper in the regular course of proceedings; and (3) resulting damages.[16]  "The essential element of an abuse of process claim is the use of a legal proceeding in an improper manner; therefore, an improper use of process must be established."[17]  Here, Rahmanovic has not pled all the required elements of an abuse of process claim.  Even construing his pleading liberally, Rahmanovic has not made any allegations regarding damages suffered as a result of Keirton's alleged abuse of process, nor has he provided any factual allegations to support his conclusion that Keirton is improperly using this proceeding.  Therefore, Rahmanovic's counterclaim for abuse of process will be dismissed.

**B.      Warning to Rahmanovic Regarding Use of Artificial Intelligence**

Rahmanovic directly quotes several cases in his answer and counterclaims.  While the cases Rahmanovic cites are real, the quotes he cites do not exist.  For example, one case Rahmanovic cites is *Gullickson v. Brown* ("**Gullickson**").[18]  Rahmanovic directly quotes *Gullickson* for the propositions that, "[d]enial of discharge is a harsh remedy reserved for a truly pernicious debtor and must be construed strictly against the objecting creditor and liberally in favor of the debtor," and that "[s]ection 727 should not be used as a litigation weapon."[19]  Neither of these quotes exists in the *Gullickson* case.  As such, the Court cautions Rahmanovic that, regardless of whether he chooses to proceed pro se, he is subject to the requirements of Rule 11 (incorporated by Fed. R. Bankr. P. 9011).  If Rahmanovic is using artificial intelligence,

---

[16] *Inst. for Professional Development v. Regis College*, 536 F.Supp. 632, 634 (D. Colo. 1982); *Active Release Techniques, LLC v. Xtomic, LLC*, 413 P.3d 210, 212 (Colo. App. 2017).

[17] *Xtomic, LLC*, 413 P.3d at 212 (*quoting Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011)).

[18] *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290 (10th Cir. 1997).

[19] ECF No. 15 at pgs. 2 & 4.

he is cautioned that such use is subject to Rule 11 compliance and that failure to ensure the existence and accuracy of a citation may be sanctionable.[20]

## C.    Leave to Amend

Pursuant to Rule 15 (incorporated by Fed. R. Bankr. P. 7015), a party may amend its pleading only with the opposing party's consent or with the Court's leave.[21] "The court should freely give leave when justice so requires."[22]  Courts within this circuit have generally held that a pro se party should be granted leave to amend, "where the deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements."[23]  As such, the Court will grant Rahmanovic leave to amend his counterclaims.

**CONCLUSION**

For the foregoing reasons, the Court

ORDERS, the Motion is GRANTED.  The Court

FURTHER ORDERS Rahmanovic shall file his amended counterclaims on or before **April 2, 2026.**

Dated March 19, 2026                                    BY THE COURT:

                                                                    Michael E. Romero, Judge
                                                                    United States Bankruptcy Court

---

[20] *Graham v. Mascio*, Adv. Pro. No. 25-1157-TBM, 2025 WL 2434832, at *15 (Bankr. D. Colo. Aug. 22, 2025); *see Coomer v. Lindell*, Case No. 22-CV-01129-NYW-SBP, 2025 WL 1865282, at *3 and *8 (D. Colo. Jul. 7, 2025).

[21] Fed.R.Civ.P. 15(a)(2).

[22] *Id.*

[23] *Garcia v. Brown*, 429 F.Supp.3d 924, 931 (D.N.M. 2019) (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)).