## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

|  |  |
|---|---|
| In re:<br><br>Mersad Rahmanovic<br><br>    Debtor. | Case No. 25-12622 MER<br><br>Chapter 7 |
| Keirton Inc.<br><br>    Plaintiff,<br><br>v.<br><br>Mersad Rahmanovic<br><br>    Defendant. | Adversary No. 25-01338 MER |

### ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on the Motion to Dismiss Plaintiff's § 727(a)(4) Adversary Complaint ("**Motion**") filed by Debtor/Defendant Mersad Rahmanovic ("**Rahmanovic**"), Keirton Inc.'s ("**Keirton**") response thereto, and Rahmanovic's reply.[1]

### BACKGROUND

Keirton commenced the instant adversary proceeding on November 14, 2025. Keirton asserts one claim for relief against Rahmanovic pursuant to 11 U.S.C. § 727(a)(4).  In support of its claim, Keirton alleges that, prepetition, it obtained a judgment ("State Court Judgment") against Rahmanovic in the District Court for Crowley County, Colorado ("State Court Case"), which Rahmanovic failed to pay.  As a result, Keirton filed a notice of levy against property owned by Rahmanovic known as 1607 South Oakland Street, Aurora, Colorado 80012 ("**Oakland Property**").  Prior to the sheriff's sale of the Oakland Property, Rahmanovic filed the underlying bankruptcy case.  Keirton alleges that Rahmanovic knowingly and fraudulently made false statements on his schedules and during his Meeting of Creditors regarding the Oakland Property. In particular, Rahmanovic stated he lives at the Oakland Property and claimed a homestead exemption in the property.  Keirton asserts these statements are fraudulent because during the State Court Case, Rahmanovic testified that tenants occupy the Oakland Property.  Rahmanovic also referred to the Oakland Property as a rental property and stated he lived at a different residence in Ordway, Colorado, in his

---

[1] ECF Nos. 8, 9, & 10.

responses to Keirton's post-judgment interrogatories. As a result, Keirton contends Rahmanovic should be denied his Chapter 7 discharge.

Rahmanovic filed the instant Motion on December 10, 2025, asserting that Keirton's complaint should be dismissed because it fails to demonstrate all elements required to succeed under § 727(a)(4).[2] Keirton disagrees and instead asserts that Rahmanovic does not attack the sufficiency of the Complaint; only that the allegations supporting Keirton's claim are not accurate and that such arguments are inappropriate to consider on a motion to dismiss.

## ANALYSIS

### A. Applicable Standard

Pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012), a complaint may be dismissed for failure to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and views them in the light most favorable to the plaintiff.[3] A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6] Along with the other pleading requirements required to survive a motion to dismiss, a party alleging fraud or mistake must also state with particularity the circumstances constituting fraud or mistake.[7] To meet this standard, a plaintiff must describe the who, what, when, where, and how of the alleged fraud.[8]

---

[2] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code unless otherwise stated.

[3] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Id.*

[6] *Id.*

[7] Fed.R.Civ.P. 9(b) (incorporated by Fed.R.Bankr.P. 7009).

[8] *In re Schamens*, 666 B.R. at 533 (*quoting U.S. ex rel. Wilson v. Kellog Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations omitted); *In re Tesler*, 647 B.R. 710, 716 (Bankr. N.D. Ill. 2023) (when alleging fraud, a complaint must contain the identity of the person making the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.).

**B.     Keirton Properly Pled its § 727(a)(4) Claim**

Pursuant to § 727(a)(4), a debtor may be denied his discharge if, among other things, he knowingly and fraudulently, in or in connection with the case, made a false oath or account.[9]  "A debtor's petition, schedules, statement of financial affairs, statements made at a 341 meeting, testimony given at a Federal Rule of Bankruptcy Procedure 2004 examination, and answers to interrogatories all constitute statements under oath for purposes of § 727(a)(4)."[10]  To prevail on a claim under § 727(a)(4), the plaintiff must show: (1) the debtor made the statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with intent to defraud; and (5) that the statement was related materially to the debtor's bankruptcy case.[11]

Rahmanovic does not dispute that Keirton pled sufficient facts to support its claim.  Rather, Rahmanovic argues that the facts Keirton pled do not support his claim because he resided at the Oakland Property when he filed his bankruptcy case; therefore, his statements regarding his residency at the Oakland Property are not false, and he is entitled to claim a homestead exemption in the property.  However, a motion to dismiss is not the appropriate vehicle for resolving factual disputes.  In deciding the Motion, the Court must view the facts alleged in the Complaint in the light most favorable to Keirton.  In doing so, the Court finds Keirton's claim is well pled.  Keirton alleges that Rahmanovic stated in his bankruptcy petition and schedules, and during his Meeting of Creditors, that he lives at the Oakland Property and is thus entitled to a homestead exemption in the property.[12]  Keirton contends these statements are false and that Rahmanovic knows they are false because on April 20, 2024, Rahmanovic submitted verified responses to Keirton's post-judgment interrogatories in the State Court Case, wherein he stated that he lives at 8228 Maverick Lane, Ordway, Colorado 81063.[13]  Keirton also alleges that Rahmanovic stated during a pre-petition deposition that tenants occupy the Oakland Property, and that he referred to the property as a "rented property" in an August 29, 2022, email sent to Keirton's counsel.[14]  Further, Keirton asserts that a private investigation conducted in May of 2025 revealed that Rahmanovic was not living at the Oakland Property, and that Keirton received post-petition mail from Rahmanovic that was sent from Ordway, Colorado, rather than from Aurora, Colorado, where the Oakland Property is located.[15]  As such, Keirton contends

---

[9] 11 U.S.C. § 727(a)(4)(A).

[10] *In re Bushey*, 568 B.R. 821, 828 (Bankr. D.N.M. 2017) (*quoting Freelife Int'l, LLC v. Butler (In re Butler)*, 377 B.R. 895, 922 (Bankr. D. Utah 2006)).

[11] *In re Phouminh*, 339 B.R. 231, 242 (D. Colo. 2005); *In re Hickman*, 616 B.R. 815, 822 (Bankr. D. Okla. 2020).

[12] ECF No. 1, ¶¶ 24-25 & 27.

[13] *Id.* at ¶18.

[14] *Id.* at ¶¶ 19 & 20.

[15] *Id.* at ¶¶ 21 & 22.

Rahmanovic made the statements regarding the Oakland Property on his schedules and during his Meeting of Creditors knowingly and fraudulently.[16]  Given these allegations, Keirton's claim is well pled and meets Rule 9(b)'s heightened pleading requirements.  Therefore, the Court will not dismiss Keirton's § 727(a)(4)(A) claim.

## CONCLUSION

For the reasons stated above, the Court

ORDERS, the Motion is DENIED.

Dated March 19, 2026                          BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[16] *Id.* at ¶¶ 26 & 27.