**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 25-12622 MER |
| Mersad Rahmanovic | Chapter 7 |
| Debtor. | |
| Keirton Inc. | Adversary No. 25-01338 MER |
| Plaintiff, | |
| v. | |
| Mersad Rahmanovic | |
| Defendant. | |

**ORDER GRANTING MOTION TO DISMISS AMENDED COUNTERCLAIM**

THIS MATTER comes before the Court on the Motion to Dismiss Defendant's Amended Counterclaim ("**Motion**") filed by Keirton, Inc. ("**Keirton**") and Debtor/Defendant Mersad Rahmanovic's ("**Rahmanovic**") response thereto.[1]

**BACKGROUND**

Keirton commenced the instant adversary proceeding on November 14, 2025. In its Complaint Keirton alleges, among other things, that Rahmanovic knowingly made false statements under oath regarding his residency at the property known as 1607 South Oakland Street, Aurora, Colorado, 80012 ("**Oakland Property**"). In particular, Keirton alleges Rahmanovic listed the Oakland Property as his primary residence and claimed a homestead exemption in the Oakland Property even though he did not reside there on the petition date. On December 10, 2025, Rahmanovic filed his answer to Keirton's Complaint, as well as counterclaims against Keirton for declaratory judgment and abuse of process ("**Counterclaims**"). Keirton filed a motion to dismiss the Counterclaims on December 31, 2025, asserting Rahmanovic had not pled sufficient facts to support either claim ("**First Dismissal Motion**"). The Court granted the First Dismissal Motion on March 19, 2026 ("**Dismissal Order**") and incorporates the Dismissal Order herein. Although the Court dismissed Rahmanovic's Counterclaims, it granted him leave to amend them. Rahmanovic filed his amended counterclaim on March 27, 2026, asserting only one claim for abuse of process ("**Amended Counterclaim**"). Keirton filed the instant Motion on April 10, 2026, asserting

---

[1] ECF Nos. 21 & 24.

Rahmanovic's Amended Counterclaim should be dismissed because he failed to plead the required elements of abuse of process, and because his Complaint cannot constitute an abuse of process as a matter of law.

## ANALYSIS

### A.      Applicable Standard

Pursuant to Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to the plaintiff.[2]  A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[5]  A court is not required to accept mere conclusory allegations.[6]

### B.      Rahmanovic Fails to State a Claim

Keirton asserts Rahmanovic's Amended Counterclaim should be dismissed because he did not plead sufficient facts to support the elements required to prove an abuse of process claim.  Instead, Keirton contends the facts Rahmanovic pled serve only to refute the claims made in its Complaint.  In response, Rahmanovic argues he properly pled his abuse of process counterclaim, and that Keirton's dispute of his facts is not proper on a motion to dismiss.

As the Court previously stated in the Dismissal Order, a claim for abuse of process under Colorado law requires a showing of three elements: (1) an ulterior purpose in the use of judicial proceedings; (2) willful actions in the use of the process which are not proper in the regular course of proceedings; and (3) resulting damages.[7]

---

[2] *In re Matt Garton & Assoc.*, Adv. Pro. No. 21-1215-TBM, 2022 WL 711518, at *3 (Bankr. D. Colo. Feb. 14, 2022) (*citing Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Id.*

[5] *Id.* (Internal quotations omitted).

[6] *Mira Holdings, Inc. v. ZoomerMedia, Ltd.*, 676 F.Supp.3d 909, 913 (D. Colo. 2023).

[7] *Inst. for Professional Development v. Regis College*, 536 F.Supp. 632, 634 (D. Colo. 1982); *Active Release Techniques, LLC v. Xtomic, LLC*, 413 P.3d 210, 212 (Colo. App. 2017).

"The essential element of an abuse of process claim is the use of a legal proceeding in an improper manner; therefore, an improper use of process must be established."[8]  In support of the first element, Rahmanovic alleges only that, "Keirton initiated and is using this adversary proceeding for purposes beyond a legitimate determination of discharge, including to obtain leverage in connection with its prepetition judgment and collection efforts against Rahmanovic."[9]  Rahmanovic does not allege any facts to support this conclusion.  Similarly, in support of the second element, Rahmanovic asserts, "Keirton is using this adversary proceeding not solely to determine discharge eligibility, but to increase pressure on Rahmanovic in connection with its prepetition judgment and collection efforts . . . ."[10]  As with the first element, this conclusion is unsupported by any factual allegations, which, if taken as true, would lead the Court to believe that Rahmanovic has a plausible abuse of process claim.  Indeed, the only fact Rahmanovic alleged that may support this conclusion is that this proceeding was initiated immediately following Keirton's efforts to enforce a pre-petition judgment it obtained against Rahmanovic.[11]  Otherwise, the remaining factual allegations go to refuting the claim in Keirton's Complaint that Rahmanovic did not live at the Oakland Property on the petition date.[12]  Because the Court is not required to accept mere conclusory allegations, it concludes Rahmanovic has not sufficiently pled his Amended Counterclaim and will therefore dismiss it.

Additionally, Rahmanovic's counterclaim must be dismissed because it's premised upon the argument that Keirton is abusing the judicial process simply by initiating this adversary proceeding.  "[A]lthough the litigant's motive may be important in determining whether there was an ulterior purpose for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process."[13]  "If the cause of action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint, there is not abuse, even if the plaintiff had an ulterior motive in bringing the action."[14]  Furthermore, courts in Colorado have concluded that when the process alleged to have been abused is the mere filing of a lawsuit, "the party asserting the abuse of process claim also has to show that the other party's claim is devoid of factual support or, if supportable in fact, has no cognizable basis in law."[15]

---

[8] *Xtomic, LLC*, 413 P.3d at 212 (*quoting Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011)).

[9] ECF No. 20, ¶22.

[10] *Id.*, ¶24.

[11] *Id.*, ¶ 16.

[12] *Id.*, ¶¶ 5-13.

[13] *Dawson v. Continental Insurance Co.*, 2015 WL 128158, at *3 (D. Colo. Jan. 8, 2015).

[14] *Id.*

[15] *Id.* (quoting *Yadon v. Lowry*, 126 P.3d 332, 337 (Colo. App. 2005)).

In this case, Rahmanovic asserts Keirton's filing of the Complaint is an abuse of process because Keirton is using this proceeding to "increase pressure" on him in connection with the pre-petition judgment it obtained against him. Even if Keirton had an ulterior purpose in initiating this proceeding, Rahmanovic has not shown that Keirton's claims against him are devoid of factual support or have no cognizable basis in law. To the contrary, Rahmanovic filed a motion to dismiss this proceeding for failure to state a claim, which the Court denied. The Court denied Rahmanovic's motion to dismiss because it found Keirton had stated a plausible claim for relief pursuant to 11 U.S.C. § 727(a)(4).[16] As such, Rahmanovic has not proven Keirton's initiation of this proceeding constitutes an abuse of the judicial process.

## C.      Leave to Amend

Alternatively, Rahmanovic requests the Court grant him leave to further amend his Amended Counterclaim. Rule 15 (incorporated by Fed. R. Bankr. P. 7015) provides that a party may amend its pleading only with the opposing party's consent or with the Court's leave.[17] "The court should freely give leave when justice so requires."[18] However, a court should deny leave to amend where doing so would be futile.[19] The Court concludes granting Rahmanovic leave to amend would be futile. In its Dismissal Order, the Court set forth the elements Rahmanovic was required to plead to state a plausible claim for relief. Rahmanovic was unable to plead those requirements in his Amended Counterclaim successfully, and the Court does not believe granting him leave to amend again would result in a different outcome. Therefore, the Court will not permit Rahmanovic to amend the Amended Counterclaim.

### CONCLUSION

For the reasons stated above, the Court

ORDERS, the Motion is GRANTED. Rahmanovic's Amended is DISMISSED. The Court

FURTHER ORDERS Rahmanovic's request for leave to amend is DENIED.

 Dated July 15, 2026

                                             BY THE COURT:

                                             Michael E. Romero, Judge
                                             United States Bankruptcy Court

---

[16] ECF No. 17.

[17] Fed. R. Civ. P. 15(a)(2).

[18] *Id.*

[19] *In re Elrod Holdings Corp.*, 392 B.R. 110, 113 (Bankr. D. Del. 2008).

4